**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEFF KIMANI WAIKAO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.    13-72642

Agency No. A089-703-276

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2017**
Seattle, Washington

Before: BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

Jeff Kimani Waikao, a native and citizen of Kenya, petitions for review of a

final order of removal from the Board of Immigration Appeals (BIA). The BIA

dismissed Waikao's appeal of an immigration judge's (IJ) order denying his

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA provided specific, cogent reasons for its adverse credibility finding by relying on the numerous inconsistencies between Waikao's declaration and his testimony. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). Waikao has not shown "that the record compels a different interpretation [of his testimony]," and this "is fatal to [his] challenge to the adverse credibility determination." *Garcia v. Holder*, 749 F.3d 785, 790–91 (9th Cir. 2014). Even if we credited Waikao's testimony, substantial evidence supports the BIA's determination that Waikao is ineligible for the relief he seeks. The unfulfilled threats Waikao alleges do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats that ethnic Albanian would be harmed or killed unless he left Serbia constituted "harassment rather than persecution"). Nor has Waikao shown a well-founded fear of future persecution. *See Mgoian v. INS*, 184 F.3d 1029, 1035 n.4 (9th Cir. 1999). Waikao did not establish that it is more likely than not that he would be subject to persecution or torture if returned to Kenya. *See Wakkary v. Holder*, 558 F.3d 1049, 1060, 1068 (9th Cir. 2009).

**PETITION DENIED.**